## No. 717
### COLUMBUS MUTUAL LIFE INS. CO. v. DENNULL

Ohio Appeals, 1st Dist., Warren Co.

No. 119. Decided May 24, 1926

889. PARTITION—Where property is sold on judicial sale as in partition rather than in foreclosure action; and costs are paid by mortgagee who bids for property in the amount of his mortgage, he cannot be compelled to pay attorney fees as is required by statute on partition.

CUSHING, J.

Michael Dennull brought an action in the Warren Common Pleas for partition of certain real estate. The property was appraised at $5757. The Columbus Mutual Life Insurance Co. set up its $5800 mortgage on the property; and other mortgages and liens made all the claims against said property over $9,000.

The Insurance Co. bought the property at the Sheriff's Sale, bidding the amount of its mortgage. The Company paid the appraisers fee, court costs, and etc. Dennull was then allowed $205.20 as attorney fees as for a partition case. The Company refused to pay the attorney fees and prosecuted error from the order of Court allowing same. The Court of Appeals held:

1. By virtue of 12050 GC., the court is authorized to allow a reasonable fee to plaintiff's attorney, t obe taxed in the case, when services are rendered for the common benefit of all parties. 55 OS. 125.

2. The services rendered in this case were not for the common benefit of all parties to the action.

3. "If a mortgagee whose lien is fixed by the court, becomes the purchaser at the sale, the executor or administrator is not entitled to a per centum compensation on that part of the purchase money applicable to the satisfaction of his mortgage." 42 OS. 53.

4. The Company merely prayed for judgment, foreclosure of its mortgage and sale of the property. The property was sold in the partition proceeding rather than on foreclosure; but no fund was produced by the sale which might be distributed by the court.

5. When property is sold at a judicial sale and bid in by the mortgagee, such mortgagee paying the costs it would have paid in a foreclosure action, the court cannot compel such mortgagee to pay attorney's fee as in partition.

Judgment reversed.

Attorneys—Lewis Stout & Frank Brandon, for Company; Howard W. Ivins for Dennull; all of Cincinnati.

## No. 718
### FIELDS v. CRECELIUS

Ohio Appeals. 6th District Erie Co.

No. 227. Decided April 16, 1926.

297. CONTRACTS—Since the act of 1884, a married woman to whom credit is given is liable for payment, individually, although such credit was given for necessaries.

YOUNG, J.

W. A. Crecelius brought this action and secured judgment against Effie Fields in Erie Common Pleas, said judgment being for value of medical services rendered her during the lifetime of her husband.

Fields contention is that she is not liable for medical services furnished her, but that claim for same should have been collected from her husband, during his lifetime or from his estate after death. Court of Appeals, concerning such contention held:

1. The record in this case shows that such services were charged to her, and that she personally paid part of the account, for which she received credit.

2. Evidence further shows that she personally promised further payment.

3. Although the husband is ordinarily liable for necessaries furnished the wife, since the act of 1884 a married woman can bind herself to enter in her own name in the same manner and to the same extent as if unmarried.

4. It seems from the evidence in this case that this was the individual contract of the wife and that she is therefore liable.

Judgment affirmed.

Attorneys—H. L. Peeke for Fields; G. F. Eschenroeder for Crecelius; both of Sandusky.